**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-4232**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOSEPH EDWARD RAMEY,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:13-cr-00010-JPJ-PMS-56)

───────────

Submitted:  December 23, 2025                 Decided:  December 31, 2025

───────────

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Mary E. Maguire, Federal Public Defender, Erin Trodden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Robert N. Tracci, Acting United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Edward Ramey appeals the district court's judgment revoking his supervised release and sentencing him to six months' imprisonment followed by two years of supervised release. On appeal, Ramey argues that the district court's imposition of a two-year term of supervised release is plainly substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation modified). "[I]f a sentence is either procedurally or substantively unreasonable," we then address "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (citation modified). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (citation modified); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when

2

imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (citation modified). The district court must, at a minimum, explain the sentence sufficiently to permit meaningful appellate review, "with the assurance that the court considered any potentially meritorious arguments raised by [the defendant] with regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (citation modified). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (citation modified).

In this case, the district court sufficiently explained its reasons for imposing a two-year term of supervised release. The court expressly considered Ramey's arguments regarding further supervision, and found that the two-year term of supervised release was warranted because Ramey's past successes proved that he could thrive while on supervised release and lead a stable life. Accordingly, we conclude that the two-year term of supervised release is reasonable. We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*